IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TUANANH B.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

Civ. No: 3:22-cv-01497-MC

OPINION AND ORDER

**MCSHANE, Judge:**

    Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security's decision denying her application for disability insurance benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by (1) improperly rejecting Plaintiff's subjective symptom testimony, and (2) failing to include all of Plaintiff's supported limitations in the RFC. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

1 – OPINION AND ORDER

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff applied for benefits on November 8, 2019, alleging disability since February 25, 2018. Tr. 51-52, 179-83. Her claim was denied initially and upon reconsideration. Tr. 69, 90. Plaintiff appeared before the Honorable John Michaelsen on September 10, 2021. Tr. 37-60. ALJ Michaelsen denied Plaintiff's claim on October 8, 2021. Tr. 22-36. Plaintiff sought review from the Appeals Council and was denied, rendering the ALJ's decision final. Pl.'s Br. at 2, ECF No. 11. Plaintiff now seeks judicial review of the ALJ's decision.

Plaintiff is 59 years old and was 53 as of the amended alleged onset date. *See* Tr. 182. Plaintiff has a high school diploma and completed two years of college. Tr. 213. Plaintiff has past relevant work experience as an electrical assembler. Tr. 31. On February 25, 2018, Plaintiff was injured in a car accident, and she alleges disability from her injuries. Pl.'s Br. At 2. Specifically, Plaintiff alleges disability from injuring multiple vertebrae in her neck, resulting in chronic neck pain, right arm pain and weakness, intermittent numbness in her right hand, and reduced range of motion in her neck. *Id.*

**STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the

ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.* If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54.

The ALJ determined Plaintiff's only severe impairment was "history of cervical DDD with s/p discectomy and fusion." Tr. 27. As noted, Plaintiff argues the ALJ erred by improperly rejecting: (1) her subjective symptom testimony; and (2) failing to include all of her supported limitations in the RFC.

Plaintiff first contends the ALJ erred in discounting her subjective statements about the limiting effects of her symptoms including chronic pain, radiculopathy, numbness, weakness, and tingling in her lower extremities. To determine whether a claimant's testimony about

subjective pain or symptoms is credible, an ALJ performs a two-stage analysis. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); 20 C.F.R. § 416.929. First, the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090; 1102 (9th Cir. 2014); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Second, absent affirmative evidence that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discounting the claimant's testimony regarding the severity of the symptoms. *Trevizo*, 871 F.3d at 678; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The Ninth Circuit demands more than a summary of the medical evidence and generic, high-level reasons why a claimant's allegations conflict with that evidence. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The Ninth Circuit "requires the ALJ to specifically identify the testimony she or he finds not to be credible and . . . explain what evidence undermines that testimony." *Id.*; *Brown-Hunter*, 806 F.3d at 494.

Clear and convincing reasons for rejecting a claimant's testimony "include conflicting medical evidence, effective medical treatment, medical noncompliance, inconsistencies in the claimant's testimony or between her testimony and her conduct, daily activities inconsistent with the alleged symptoms, and testimony from physicians and third parties about the nature, severity and effect of the symptoms" about which the claimant complains. *Bowers v. Astrue*, No. 11-cv-583-SI, 2012 WL 2401642, at *9 (D. Or. June 25, 2012) (citing *Tommasetti*, 533 F.3d at 1040); *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2013).

In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at her hearing do not comport with objective medical evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, especially in the mental health context, an ALJ may not cherry-pick isolated instances of favorable psychological symptoms when the record as a whole reflects long-standing psychological disability. *See Ghanim*, 763 F.3d at 1164; *see also Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Moreover, a lack of objective evidence may not be the sole basis for rejecting a claimant's subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001)

The record demonstrates Plaintiff's primary concern was her residual pain, radiculopathy, and numbness related to a prior motor vehicle accident. Tr. 52-54. At the hearing before the ALJ, Plaintiff testified that a motor vehicle accident caused a neck injury that led to a cervical discectomy and anterior cervical discectomy and fusion (ACDF). Tr. 52-54. Plaintiff reported that she continues to experience pain and numbness in her neck, feet, and hands. Tr. 53, 61, 73, 80, 99. She testified that her pain radiates down her neck to her feet and hands, causing her to have trouble typing. Tr. 53. Additionally, she stated that she is only able to walk very slowly given that her feet are often in pain or numb. Tr. 54. In her function report, Plaintiff indicated that she slowly walks three quarters of a mile every day. Tr. 230, 232. Plaintiff also alleged she could not bend, kneel, or sit for prolonged amounts of time. Tr. 54. Plaintiff asserts that her symptoms only marginally improved with treatment and that she had intolerable side effects from gabapentin. Pl.'s Br. 7.

The ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms, her allegations are not substantiated or supported by the

medical record." Tr. 30. The ALJ discounted Plaintiff's subjective complaints because they conflicted with her reported improvement with treatment and the objective medical evidence in the record. *Id.*

Regarding Plaintiff's improvement with treatment, the ALJ acknowledged that Plaintiff was prescribed medication, including voltaren and gabapentin to treat her symptoms. *Id.* The ALJ also discussed how Plaintiff pursued additional "conservative treatment options" including steroid injections, physical therapy, and chiropractic care. *Id.* The ALJ cited physical therapy records from December 2018 and November 2019 where Plaintiff reported that her pain, stiffness, radiculopathy, and ability to rotate her head had improved with physical therapy treatment. Tr. 30 (citing Tr. 545, 650). Plaintiff also reported her symptoms were improving significantly with physical therapy and exercise on multiple occasions. Tr. 450-52, 528, 540, 542, 545, 547, 551, 562, 650, 657, 671-72, 675, 678, 901, 910, 925, 931, 939. Throughout the course of her physical therapy treatment, treatment notes continuously document that "[Plaintiff] demonstrates good potential to achieve established goals to address documented impairments by participating in skilled physical therapy." Tr. 541, 546, 547, 549, 550. The ALJ therefore provided clear and convincing reasons to discount Plaintiff's testimony as to the severity of her symptoms given her improvement with treatment.

Regarding the objective medical evidence, Plaintiff alleged that she is unable to bend, kneel, sit, or stand for prolonged periods of time, and that she can only walk very slowly due to pain. Tr. 29 (citing Tr. 54). However, the ALJ discussed that physical examination findings showed that Plaintiff exhibited normal sensation, normal range of motion, non-antalgic gait, and the ability to heel and toe walk. Tr. 30 citing (Tr. 489, 493-94, 510-511 528, 653, 904). The ALJ cited multiple x-rays, MRI scans, and other diagnostic imaging that showed mostly mild

findings. Tr. 30. Specifically, the ALJ cited diagnostic imaging from April 13, 2018 that revealed degenerative changes with mild spinal canal, moderate right and mild left neuroforaminal narrowing at C6-7. Tr. 474. He also cited x-rays of Plaintiff's cervical spine that revealed stable mild degenerative disc disease and mild multifocal facet joint arthropathy. Tr. 496, 515. Plaintiff also denied trouble walking multiple times at medical examinations. Tr. 536, 584, 646, 666, 714, 896, 921, 980.

Because the ALJ provided "specific, clear and convincing reasons" for finding Plaintiff less-than credible regarding the extent of her limitations, the ALJ did not err in discounting Plaintiff's testimony regarding those limitations. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen v. Chater*, 80 F.3d 1273,1282 (9th Cir. 1996)).

Plaintiff next argues that the ALJ failed to include any upper extremity limitations in her RFC. Pl.'s Br. 9. Plaintiff further asserts that failing to include any upper extremity limitations is harmful error because her past relevant work as an electronic assembler requires frequent reaching, handling, and fingering. *Id.*

In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p. However, only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the hypothetical question posed to the vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163–65 (9th Cir. 2001).

As explained above, the ALJ properly discounted Plaintiff's symptom testimony because it was unsubstantiated by the evidence. Plaintiff reported that Ibuprofen and voltaren were controlling her pain symptoms in her upper extremities without side effects. Tr. 509. The state

agency consultants did not assess any reaching or manipulative limitations due to their findings that plaintiff had normal fine finger movements and normal arm swing on physical examination. Tr. 65, 68, 79, 86. Additionally, no other physicians assessed that Plaintiff has functional limitations with respect to her arm and hand extremities.

Further, despite the lack of evidence supporting Plaintiff's gastrointestinal issues, the ALJ still limited Plaintiff to perform light work with lower extremity limitations including no more than frequent balancing, stooping, crouching, crawling, or kneeling. Tr. 29. Plaintiff does not cite to anything supporting Plaintiff's additional suggested upper extremity limitations. Because Plaintiff's upper extremity limitations were not supported by substantial evidence, the ALJ did not err in construing Plaintiff's RFC. *See Dawn Jeanette Z. v. Comm'r of Soc. Sec.*, No. 6:19-CV-00423-BR, 2020 WL 1172695, at *4 (D. Or. Mar. 11, 2020), aff'd sub nom. *Zul v. Kijakazi*, No. 20-35404, 2021 WL 5298595 (9th Cir. Nov. 15, 2021) (affirmed ALJ's light RFC with no reaching limitation was supported by substantial evidence because the reviewing physician opined that Plaintiff could perform light work without any reaching limitations, Plaintiff's extremities did not show any gross joint abnormalities, she had full range of motion of the arms, and she could move all four extremities with normal strength and sensation).

## CONCLUSION

The ALJ's decision is free of legal error and supported by substantial evidence. The Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 16th day of October, 2023.

                                                     _____/s/ Michael J. McShane_____
                                                           Michael McShane
                                                  United States District Judge